IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KARENA VAN HOOK and EBONY YARBROUGH,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**VERONICA ENTERPRISES, INC. d/b/a DIAMONDS OF ATLANTA, VERONICA JONES, and CARMEN POPOVITCH,**<br><br>**Defendants.** | Civil Action No. 1:16-cv-02755-ELR |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SERVICE BY PUBLICATION**

Plaintiffs submit this Motion to Serve Defendant Veronica Jones by Publication pursuant to Fed. R. Civ. P. 4(e)(1) and O.C.G.A § 9-11-4(f). In support of this Motion, Plaintiffs show the Court:

**I.   ISSUE PRESENTED**

Georgia substantive law—applicable to this Court through Fed. R. Civ. Pro. 4—allows service of process by publication to establish in personam jurisdiction on a defendant who "cannot, after due diligence, be found within the state; or when the defendant conceals himself to avoid service of summons." Here, Defendant Jones has avoided service for 12 months despite ten to fifteen attempts by Plaintiffs'

process server, and despite her actual knowledge of the pendency of the lawsuit. Jones' actions, her "catch me if you can" attitude, and her affirmative efforts to avoid service by use of electronic security devices justify Court's authorization of service of process by publication.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 29, 2016, Plaintiffs initiated the above-styled action by filing their Complaint [Dkt. 1] alleging that Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. Plaintiffs seek to recover from Defendants due but unpaid minimum wages as required by the FLSA for their work as exotic dancers in the three years prior to the filing of this action.

On July 29, 2016, the Clerk of the Court issued summonses as to Defendants Veronica Enterprises, Inc., Veronica Jones, and Carmen Popovitch. [Dkt. 2]. On August 8, 2016, the Clerk of the Court issued a corrected summons as to Defendant Veronica Jones. [Dkt. 10] On October 23, 2016, Wiley Dean Handley, an experienced private process server, served the Complaint and Summons upon Defendants Veronica Enterprises, Inc. and Carmen Popovitch. [Dkt. 12] Popovitch and Veronica Enterprises later filed a Motion to Dismiss [Dkt. 16], which was ultimately denied as moot [Dkt. 21] after Popovitch and Veronica Enterprises agreed to waive service. [Dkt. 20, 22, 23]

In late-August 2016, Handley attempted to serve Defendant Veronica Jones at her mother's home in Fairburn. See Exhibit 1 (Deposition of Wiley Dean Handley), ¶ 3. Unable to locate Jones there, Handley left his business card with Jones's mother. Exhibit 1, ¶ 3. Shortly thereafter, Jones contacted Handley by phone, spoke aggressively, stated that she had been informed about the lawsuit by one the other defendants, claimed that she was not a proper party to the lawsuit because she had sold her business, and stated that the attorneys on the case should "do their job." Exhibit 1, ¶ 3.

Handley later identified a residential address in McDonough, Georgia owned by Defendant Jones. Exhibit 1, ¶ 4. Handley began making service attempts at that address. Handley has observed a vehicle at the McDonough residence registered to Defendant Jones. Exhibit 1, ¶ 5. Moreover, Handley has also confirmed that the residence is Jones's because he has spoken to Jones through a speaker/camera security system that is integrated with the home's doorbell. Exhibit 1, ¶¶ 8–9. Jones uses this system to visually identify anyone who comes to her door, and can do so whether or not she is physically present at the residence.

On October 30, 2016, Handley served the Complaint and Summons upon Defendant Veronica Jones by serving an individual, Ben Carter, believed to reside with Jones at the McDonough address. Exhibit 1, ¶ 6. Wiley later attempted to

serve Jones again on March 8, 2017. Exhibit 1, ¶ 8. During that service attempt, Handley again spoke to Jones through her doorbell surveillance system. Exhibit 1, Exhibit 1, ¶¶ 8–9. At that time, Jones claimed to be in California. Based on this evidence and chain of events, Handley and Plaintiff's counsel believe that Defendant Jones is purposely evading process of service in this action and that it is unlikely Jones can be served with process by traditional methods without extreme expense and a potentially lengthy surveillance operation. Exhibit 1, ¶ 10. These facts suggest that the only reasonable way that service can be perfected on Defendant Jones is by publication as provided for under Georgia's Civil Practice Act.

### III.   ARGUMENT AND CITATIONS OF AUTHORITY

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, service upon an individual may be effected pursuant to the law of the state in which the district court is located. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the

>courts of general jurisdiction of the State.
>Fed. R. Civ. P. 4(e)(1).

In accordance with Rule 4(e)(1), Defendant Jones may be served with process in this case under Georgia's Civil Practice Act (Act) because this case is located in a district court in Georgia.

O.C.G.A. § 9-11-4 governs service of process under Georgia's Civil Practice Act ("the Act"). Section 9-11-4(f)(1)(A) specifically allows a plaintiff to effect service on a defendant by publication when the defendant resides outside the state of Georgia; cannot, after due diligence, be found within the state; or when the defendant conceals himself to avoid service of summons. In order to effect service under O.C.G.A. § 9-11-4, a plaintiff must file an affidavit that shows that a claim exists against the defendant and that the defendant is a necessary or proper party to the action. Additionally, the plaintiff must show that it exercised due diligence in attempting to ascertain the defendant's whereabouts. Plaintiffs have made these showings.

While normally service by publication does not confer personal jurisdiction over a defendant, the Georgia "Supreme Court has carved out an exception to this rule when a defendant with actual knowledge of the suit willfully conceals himself to frustrate all reasonable efforts to effect personal service." *Melton v. Johnson*, 242 Ga. 400, 249 S.E.2d 82 (1978); *see also Southeastern Security Insurance Co.*,

242 Ga. App. 535, 530 S.E.2d 231 (2000) (stating that service by publication would be valid to support in personam jurisdiction if defendant conceals his whereabouts). Indeed, "*[i]t is the duty of a defendant to accept and submit to the service of process* when [s]he is aware of the process server's purpose." *Newsome v. Johnson*, 305 Ga. App. 579, 583, 699 S.E.2d 874, 877 (2010) (quoting *Jacobson*, 227 Ga. App. at 83) (emphasis added).

In *Newsome*, the Georgia Court of Appeals held that service upon a defendant who refused to open the door but who was aware of the process server's purpose was valid and sufficient to confer personal jurisdiction. Unlike in *Newsome*, here technology has permitted Defendant Jones to conceal her actual location; because of her security system, it is impossible to know whether Jones is in the home or not, although the presence of her vehicle suggests that she has been during at least some service attempts. However, while Jones's use of technology has served to thwart personal service thus far, just as in *Newsome*, it is certain that she has actual knowledge of this lawsuit and of Plaintiffs' multiple attempts to serve her with process. These circumstances are sufficient to warrant the service by publication while ensuring that Defendant Jones's due process rights are preserved.

Plaintiffs have also shown that they have attempted to serve Jones with process on multiple occasions, that Jones has actual knowledge of this litigation, and that

Jones is attempting to evade service. Given these facts, the only way that Plaintiffs can hope to serve Jones without extreme expense is through publication. Accordingly, because the Plaintiff has met the requirements contained in O.C.G.A. § 9-11-4(f), service by publication is necessary and should be ordered. Plaintiff proposes the following text to be published in the Henry Herald, the legal organ for the county where Jones is believed to reside:

> In the United States District Court for the Northern District of Georgia
> Civil Action No. 1:16-cv-02755-ELR
> Karena Van Hook et al. v. Veronica Enterprises, Inc. d/b/a Diamonds of Atlanta et al.
> TO: Veronica Jones, 1052 Laurel Ridge Dr., McDonough, Ga 30252.
> NOTICE OF SERVICE BY PUBLICATION
> By Order for service by publication dated the ____ day of _____ 2017, you are hereby notified that on the 29th day of July 2016, Plaintiffs Karena Van Hook and Ebony Yarbrough filed a lawsuit against you under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. to recover unpaid minimum and overtime wages. You are required to file with the Clerk of the District Court, and to serve upon plaintiffs' attorney, Matthew W. Herrington, 3100 Centennial Tower, 101 Marietta Street, Atlanta, GA 30303, an Answer of a motion under Rule 12 of the Federal Rules of Civil Procedure in writing within sixty (60) days of the date of the order for publication. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
> By Order of the Honorable Eleanor L. Ross, Judge of the United States District Court for the Northern District of Georgia.
> This ____ day of _____ 2017.
> -s- James N. Hatten
> James N. Hatten,
> District Court Executive
> and Clerk of the Court
> United States District Court
> Northern District of Georgia
> Atlanta Division

Plaintiffs also intend to mail a copy of the publication to Jones' last known business and home address, to wit 1052 Laurel Ridge Drive, McDonough, GA 30252, with the envelope bearing the words, "Official Service of Process Pursuant to Court Order."

## IV. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this Court enter an Order extending the time to serve Defendant Veronica Jones and authorizing them to serve Defendant Jones with process by publication as authorized by Rule 4(e)(l) of the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-4(f) of the Georgia Civil Practice Act.

Respectfully submitted this 14th day of August 2017,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street NW
Atlanta, GA 30303
404.979.3150
404.979.3170 (fax)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

**AINSWORTH G. DUDLEY, ATTORNEY AT LAW**

4200 Northside Parkway

Ainsworth G. Dudley

Bldg. 1, Ste. 200  
Atlanta, GA 30327  
404.687.8205  
adudleylaw@gmail.com

Georgia Bar No. 231745