IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KARENA VAN HOOK and EBONY YARBROUGH,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**VERONICA ENTERPRISES, INC. d/b/a DIAMONDS OF ATLANTA, VERONICA JONES, and CARMEN POPOVITCH,**<br><br>**Defendants.** | Civil Action No. 1:16-cv-02755-ELR |

### DECLARATION OF WILEY D. HANDLEY

Pursuant to 28 U.S.C. § 1746, Wiley D. Handley hereby submits this Declaration in support of Plaintiffs' Motion to Serve Defendant Veronica Jones by Publication in the above-styled action.

1.

My name is Wiley D. Handley. I am over the age of majority and suffer from no legal disabilities. I make the following Declaration based on my personal knowledge, observations, and calculations.

1

2.

I have worked as a court-appointed private process server in Georgia since 2004 and have served civil process on thousands of occasions. In August of 2016, I was engaged by the firm of DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC to effect service of process upon all the defendants in the above-styled action.

3.

I first attempted to serve Defendant Veronica Jones on August 20, 2016 at an address in Fairburn, Georgia. At that address, I spoke to a Ms. Margaret Green, who identified herself as Veronica Jones's mother. I left my business card with her. Approximately 40 minutes after speaking with Ms. Green, I received a call from Defendant Jones. I asked her for her address but she refused to provide it. Defendant Jones also informed me that another defendant in this action had contacted her to inform her that she had been named as a defendant. She then claimed that she had sold the business in question years ago, was no longer involved with it, and therefore was not a proper defendant. Throughout the phone call Ms. Jones's tone and demeanor were very aggressive. She stated that plaintiffs' counsel should "do their job."

4.

After further research, I determined that Defendant Jones owned the residence located at 1052 Laurel Ridge Drive, McDonough, Georgia 30252.

5.

I made several attempts at service but no one answered the door. On multiple occasions I observed a Jeep and conveyed the license plate number to Mr. Matthew Herrington, who confirmed that the Jeep was registered to Veronica Jones.

6.

On October 30, 2016, during one of many attempts to serve Defendant Jones at the McDonough address, I went around to the back deck to inspect the premises. At that time, an individual exited the front door and confronted me. He was very hostile, first refused to identify himself, and later identified himself as Ben Carter. He stated that while Defendant Jones was not on the property, he could take paperwork for her. I then served Mr. Carter with a copy of the summons and complaint in this action.

7.

Anticipating that Defendant Jones would later claim that Mr. Carter did not reside at the McDonough address, Plaintiffs' counsel asked me to make further service attempts on Ms. Jones to attempt to serve her personally.

8.

On March 8, 2017, during another service attempt, I rang the doorbell of the property, rather than knock, as I had done previously. The had recognized the doorbell as a Ring security system that transmits video and audio to a user's mobile phone. It allows the user to view and speak with the visitor from her cell phone, regardless of her own location.

9.

After ringing the doorbell, a woman answered through the speaker and identified herself as Veronica Jones. I informed her that I was attempting to serve her with court papers and she informed me that she was not there. After I stated that I was leaving the paper in the door for her and that she had been served with the complaint and summons, she did not respond further.

10.

In total, I made 10 to 15 attempts to serve Defendant Jones at her McDonough address. Based on my years of experience and the above facts, I strongly believe that Defendant Jones knows that I have attempted to serve her with process and is actively concealing herself from that service. Accordingly, I do not believe that she can be personally served with process by traditional methods without incurring extreme expense and a potentially lengthy surveillance operation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___3rd___ day of August 2017.

_____
Wiley D. Handley