## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

KARENA VAN HOOK, JANNA
ANDERSON, MICHAELA HARRIS,
and EBONY YARBROUGH,

       Plaintiffs,

       v.

VERONICA ENTERPRISES, INC.
d/b/a DIAMONDS OF ATLANTA,
VERONICA JONES, and CARMEN
POPOVITCH,

       Defendants.

1:16-CV-02755-ELR

## ORDER

This matter is before the Court on a Motion to Approve FLSA Settlement between Plaintiffs Karena Van Hook and Michaela Harris and Defendants Veronica Enterprises, Inc. d/b/a Diamonds of Atlanta, Veronica Jones, and Carmen Popovitch.[1] [Doc. 48]. Significantly, Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working

---

[1] Plaintiffs Van Hook and Harris originally filed the Motion to Approve FLSA Settlement without a finalized written settlement agreement. [Doc. 48]. Defendants have since filed their support of the settlement [Doc. 51] and Plaintiffs subsequently filed the finalized settlement agreement on the docket [Doc. 52].

conditions." Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere

2

waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiffs Van Hook and Harris are represented by counsel in the present action.

Importantly, the Settlement Agreement at issue is only between Plaintiffs Karena Van Hook and Michaela Harris and Defendants. [Doc. 48 at 1].[2] After reviewing the parties' Motion to Approve FLSA Settlement, the Court finds there is a bona fide dispute regarding claims arising under the FLSA and the parties' Settlement Agreement is a fair and reasonable resolution to this action. Although Defendants deny Plaintiffs' allegations of wrongdoing, the parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute.

Accordingly, the Court **GRANTS** the Motion to Approve FLSA Settlement [Doc. 48] and **APPROVES** the parties' Settlement Agreement between Plaintiffs Karena Van Hook and Michaela Harris and Defendants. Pursuant to the Motion, the Court **DISMISSES WITH PREJUDICE** Plaintiffs Karena Van Hook and Michaela Harris' claims. The Court shall retain jurisdiction over this matter until the terms set forth in the Settlement Agreement are complied with. The Court directs the Clerk to **ADMINISTRATIVELY CLOSE** this case.

---

[2] The Court notes that the claims of Plaintiffs Ebony Yarbrough and Janna Anderson are stayed pending arbitration; the Court has directed that any eventual resolution of those matters shall be submitted to the Court for approval. [Doc. 31].

**SO ORDERED**, this 26th day of April, 2018.

Eleanor L. Ross
United States District Judge
Northern District of Georgia